UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

EDWARD BEAUFORT-CUTNER,

              Petitioner,

   -vs-

HANS WALKER, Superintendent,
Auburn Correctional Facility

              Respondent.

───────────────────────────────────

**DECISION AND ORDER**
**No. 05-CV-6032**

## **INTRODUCTION**

Petitioner, Edward Beaufort-Cutner ("Petitioner"), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction. Petitioner was convicted following a jury trial, in Supreme Court, Erie County, on October 13, 1989, of two counts of attempted murder in the second degree (N.Y. Penal Law ("Penal Law") §§ 110.00, 125.25), one count of burglary in the first degree (Penal Law § 140.30(4)), robbery in the first degree (Penal Law § 160.15(4), and criminal possession of a weapon in the second degree (Penal Law § 265.03). He was sentenced on November 30, 1989, to concurrent, indeterminate terms of twelve and one half to twenty-five years for the burglary and robbery convictions, and two consecutive terms of eight and one-third to twenty-five years for the attempted murder convictions, to run consecutively with the terms for robbery and burglary.

## **PROCEDURAL HISTORY**

Petitioner appealed to the Appellate Division, Fourth Department, which unanimously affirmed his conviction in an opinion

dated, February 5, 1993. People v. Beaufort-Cutner, 190 A.D.2d 992 (4th Dept. 1993). The New York State Court of Appeals denied further review on May 27, 1993. People v. Beaufort-Cutner, 81 N.Y.2d 1011 (N.Y. 1993). Petitioner did not seek any other post-conviction relief in state court.

Petitioner timely filed a petition for a writ of habeas corpus on April 16, 1997, but following receipt of Respondent's answer, he requested the District Court to dismiss the petition which would permit him to exhaust his claims in state court. United States Magistrate Judge, Feldman, J., dismissed the case without prejudice on August 4, 1998. See Docket for case 6:97-cv-06178, No. 11. Petitioner then mailed an amended petition, dated January 21, 2005 to the Court and Respondent, which eliminated the unexhausted claims contained in the first petition. However, Petitioner did not seek to exhaust these claims in state Court before sending the amended petition. Petitioner was then ordered by the undersigned to complete the § 2254 Timeliness Response Form, to explain why his petition should not be time barred pursuant to § 2244 (d)(1). See Docket No. 2. Petitioner completed this form, and Respondent has answered. See Docket No. 3, 7-8.

## DISCUSSION

### A. Timeliness under 28 U.S.C. § 2244(d)(1)

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that the statute of limitations for filing a writ of habeas corpus is one year. 28 U.S.C. § 2244(d(1). In this

case, because Petitioner's conviction was final prior to the effective date of AEDPA, Petitioner had a one year grace period from the effective date of AEDPA, or until April 24, 1997, in which to file his petition. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Thus, Petitioner's first petition was timely. However, following the voluntary dismissal of his first petition, a stay and thus abeyance to toll the statute of limitations was not granted. Neither did Petitioner file any subsequent application for post-conviction remedies that would have tolled the statute. Thus, his petition dated January 21, 2005 was untimely.

**B. Equitable Tolling**

Petitioner argues that his petition should be deemed timely because he was unaware of the time limitation and also because during the period between his dismissed petition and his amended petition he was unable to find an attorney. See Petitioner's Response As To Why The Petition Should Not Be Barred By 28 U.S.C. § 2244(d)(1) at 1-3.

If a petitioner has filed past the one-year limitations period, and does not have sufficient statutory tolling accrued under § 2244(d)(2), the only way to have the petition be considered timely filed is to have the limitations period equitably tolled. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (holding that the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll AEDPA's limitations period), *cert. denied*, 531 U.S. 840 (2000). "To

equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir.2001). "To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id.; see also Warren v. Garvin, 219 F.3d 111, 113-14 (2d Cir.) (denying equitable tolling where petitioner failed to exhibit reasonable diligence following dismissal of first petition by failing to seek to exhaust claims and delaying filing of petition of exhausted claims), *cert. denied*, 531 U.S. 968 (2000). A petitioner's *pro se* status or ignorance of the law does merit equitable tolling. See Smith, 208 F.3d at 18.

In this case, Petitioner's lack of knowledge of the statute of limitations and his inability to find an attorney are not extraordinary circumstances warranting equitable tolling. Petitioner has failed to demonstrate that he acted with due diligence during the 6 year period that he now seeks to be tolled. Therefore, his petitioner must be dismissed for failure to comply with the statute of limitations.

## **CONCLUSION**

For the foregoing reasons, I find the habeas petition filed by Edward Beaufort-Cutner to be untimely under 28 U.S.C. § 2244(d)(1). Additionally, I find that petitioner does not qualify for equitable tolling. Accordingly, the petition is dismissed with prejudice. No certificate of appealability shall be issued pursuant to 28 U.S.C. § 2253 (c), as Beaufort-Cutner has failed to make a substantial showing of the denial of a constitutional right.

ALL OF THE ABOVE IS SO ORDERED.

    s/Michael A. Telesca
    MICHAEL A. TELESCA
    United States District Judge

DATED: Rochester, New York
        September 28, 2009